# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACY, INC.** § | **CASE NO. 15-40389** |
| § | |
| Debtor. § | |
| **In re:** § | |
| § | **CHAPTER 11 CASE** |
| **ASSURED PHARMACY MANAGEMENT, INC.** § | **CASE NO. 15-40399** |
| § | |
| Debtor. § | |
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACY DALLAS, INC.** § | **CASE NO. 15-40391** |
| § | |
| Debtor. § | |
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACY GRESHAM, INC.** § | **CASE NO. 15-40393** |
| § | |
| Debtor. § | |
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACY KANSAS, INC.** § | **CASE NO. 15-40394** |
| § | |
| Debtor. § | |
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACIES, INC.** § | **CASE NO. 15-40395** |
| § | |
| Debtor. § | |
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACY NORTHWEST, INC.** § | **CASE NO. 15-40397** |
| § | |
| Debtor. § | |
| **In re:** § | **CHAPTER 11 CASE** |
| § | |
| **ASSURED PHARMACY BOSTON, INC.** § | **CASE NO. 15-40390** |
| § | |
| Debtor. § | |

5837217.1

| | |
|---|---|
| **In re:** § <br> § <br> **ASSURED PHARMACY DENVER, INC.** § <br> § <br> Debtor. § | **CHAPTER 11 CASE** <br><br> **CASE NO. 15-40392** |
| **In re:** § <br> § <br> **CS COMPLIANCE GROUP, INC.** § <br> § <br> Debtor. § | **CHAPTER 11 CASE** <br><br> **CASE NO. 15-40398** |

**MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 BANKRUPTCY CASES**

Assured Pharmacy, Inc., Assured Pharmacy Management, Inc., Assured Pharmacy Dallas, Inc., Assured Pharmacy Gresham, Inc., Assured Pharmacy Kansas, Inc., Assured Pharmacies, Inc., Assured Pharmacy Northwest, Inc., Assured Pharmacy Boston, Inc., Assured Pharmacy Denver, Inc. and CS Compliance Group, Inc., the debtors and debtors-in-possession (collectively, the "Debtors") in the above captioned cases (the "Cases"), hereby file this *Motion for Order Directing Joint Administration of Chapter 11 Bankruptcy Cases*. In support of the Motion, the Debtors respectfully represent as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On March 5, 2015 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

3.  The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in these Cases by the United States Trustee. Neither a trustee nor an examiner has been requested or appointed in the Cases.

4.  The statutory predicates for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Local Rule 1015 of the Local Court Rules of the United States Bankruptcy Court for the Eastern District of Texas (the "Local Rules").

5.  A description of the background of the Debtors and the events leading up to the filing of the voluntary petitions by the Debtors, is provided in the *Declaration of Brett Cormier in Support of First Day Pleadings*, which is incorporated herein by reference.

## II.  RELIEF REQUESTED

6.  By this Motion, the Debtors request an order directing that the above-captioned Cases be consolidated for procedural purposes and jointly administered under the Assured Pharmacy, Inc. case number and caption.

## III.  BASIS FOR RELIEF

7.  Bankruptcy Rule 1015(b) provides, in relevant part, that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates. Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Accordingly, this Court is authorized to consolidate these Cases for procedural purposes.

8.  Additionally, LBR 1015 provides as follows:

> A motion requesting joint administration of two or more pending bankruptcy cases must be filed in each such case and:
>
> (1) contain the name and case number of cases sought to be jointly administered;
> (2) address whether the practicalities of providing professional services to the jointly administered estates preclude any professional person from effectively or accurately separating the services rendered solely for the benefit of one bankruptcy estate vis-a-vis another, thus justifying the submission of a consolidated application for compensation to be filed solely in the main case, accompanied by a proposal for proper apportionment of accumulated fees and expenses between/among the respective bankruptcy estates, subject to the right of any party-in-interest to object to the proposed apportionment;
> (3) identify any existing administrative or scheduling order which might require modification; and
> (4) attach a proposed consolidated master mailing list (matrix) in the affected cases for future noticing requirements.

E.D. Tex. Bankr. L.R. 1015.

9. The joint administration of the Debtors' chapter 11 Cases will make the prosecution of the Cases more efficient and cost-effective for all parties involved. Joint administration will remove the need for the Debtors to prepare, replicate, file, and serve duplicative notices, applications, and orders, which will save substantial time and expense. Additionally, joint administration will also allow the Clerk of the Court to use a single docket for each of the affiliated Cases and to combine notices to creditors and other parties in interest. The United States Trustee and other parties in interest will similarly benefit from joint administration by minimizing the time and expense of reviewing duplicative pleadings.

10. Accordingly, the Debtors request that the following caption to be used by all parties in all pleadings in the jointly administered Cases appear as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | CHAPTER 11 CASE |
| | § | |
| ASSURED PHARMACY, INC. | § | CASE NO. 15-40389 |
| | § | (Jointly Administered) |
| Debtor. | § | |

11. Assured Pharmacy, Inc. is the owner of each of the other 9 subsidiary Debtors and pays the expenses for all of the Debtors out of its operating account, effectively eliminating the need to apportion attorneys' fees and expenses to the individual cases and allowing for a consolidated fee application to be filed.

12. The rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these chapter 11 Cases, because the relief sought by this Motion is purely procedural and is in no way intended to affect substantive rights. Each creditor will maintain its claims and rights against individual Debtors. Accordingly, despite the joint administration and the uniform caption, the Debtors request that creditors be instructed to file any proofs of claim in the appropriate Debtor's case to which the claim relates, containing the appropriate style for such case without using the style of the jointly administered Cases.

13. There are no administrative or scheduling orders previously entered that would require modification upon the entry of an order on this Motion. A consolidated matrix will be filed with the Court upon entry of an order granting this motion.

14. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

## IV. NOTICE

15. Notice of this Motion has been given by email, mail or overnight delivery to the proposed Limited Service List, which includes (i) the pre-petition and post-petition lenders, their respective counsel, and the consolidated top thirty (30) unsecured creditors of the Debtors; (ii) the United States Trustee; (iii) those persons who have formally appeared in this Case and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable government agencies to the extent required by the Bankruptcy Rules and the local rules of this Court. The Debtors submit that no other or further notice of the hearing on the Motion is necessary.

## V. PRAYER

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the same form as the proposed order attached hereto, directing joint administration of the above-captioned Cases and granting such other and further relief as is just and proper.

Dated: March 5, 2015          Respectfully submitted,

**COX SMITH MATTHEWS INCORPORATED**

By: */s/ Aaron M. Kaufman*
    George H. Tarpley
    State Bar No 19648000
    gtarpley@coxsmith.com
    Aaron M. Kaufman
    State Bar No. 24060067
    akaufman@coxsmith.com
    1201 Elm Street, Suite 3300
    Dallas, Texas 75270
    (214) 698-7800
    (214) 698-7899 (Fax)

**PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served this 5th day of March, 2015 either (1) electronically by the Court's PACER system, (2) electronically by email or fax transmission (as noted on the service list), and/or (3) by Federal Express Overnight Delivery or United States Postal Service Priority Overnight Mail, postage prepaid, to the parties on the attached list. Copies of the documents were also published on the following website: http://info.coxsmith.com/Assured_Pharmacy.html.

                                                /s/ Aaron M. Kaufman
                                                 Aaron M. Kaufman